JUSTICE HUNT
dissenting.
I dissent. The majority states the second issue to be whether the District Court erred in determining that there was no competent expert testimony establishing that Dr. Cheung deviated from the applicable standard of care in treating Louise Falcon.
A material issue of fact is raised when a plaintiff produces a medical expert competent to establish the applicable standard of care and that the defendant departed from that standard which proximately caused plaintiff’s injury. Gratton, 545 P.2d at 673. In his deposition, Dr. Stone agreed that:
[H]ad it not been for the failure to follow the standard of care for a Swan-Ganz catheter, Louise Falcon would have survived the disease process for which she was originally hospitalized. The medical records do not indicate that she died of the illness for which she was admitted.
In my opinion, this statement alone creates a material issue of fact that Dr. Cheung departed from the applicable standard of care which proximately caused Falcon’s death. Based upon this statement, the court should have denied summary judgment and allowed the case to proceed to trial.
With the advent of the technological and information revolutions, there is no reason why a patient living in Glasgow does not deserve the same standard of care as a patient living anywhere else in the nation. The need for rural doctors in Montana does not excuse a physician’s negligence. I would reverse the summary judgment and allow this case to proceed to trial.